IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                **Civil No. 11-1022**

2007 YAMAHA YZF-R6 MOTORCYCLE
VIN:JYARJ12E77A014593,

    *Defendant,*

and

NATHAN MONK a/k/a NATHAN ALLEN MONK,

    *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1.     This is a civil action *in rem* for forfeiture of Defendant which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.     The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.     Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.     The "res" or Defendant Property which is the subject of this action is a 2007 Yamaha YZF-R6 Motorcycle VIN:JYARJ12E77A014593(hereafter referred to as "Defendant Conveyance").

### PARTIES AND CLAIMANTS

5. The following persons may claim an interest in Defendant Property:

    (a). Nathan Monk a/k/a Nathan Allen Monk at 1027 Marapi Street NW #315, Albuquerque, NM 87120 and/or 5804 Painted Pony Drive NW #315, Albuquerque, NM 87120 and/or 2705 Pueblo Grande Trails NW, Albuquerque, NM 87120 and/or 1027 Marapist NE, Albuquerque, NM 87120.

### STATEMENT OF FACTS

6. On May 17, 2011, Detective Chris Romero received information that individuals were selling heroin in the area of 57th Street and Bluewater NW in Albuquerque. Officer Romero conducted surveillance and observed Nathan Monk and Martin Costello riding motorcycles in the neighborhood.

7. Monk and Costello each drove motorcycles to a nearby convenience store near 57th Street and Bluewater NW. Monk drove up to the drive side window of a gray Cadillac sedan and spoke with the driver. Monk stayed on his bike speaking with the driver of the Cadillac, while Costello drove to 365 58th Street NW, Albuquerque, NM residence. Costello got into a white Chevrolet Impala that was parked at the 365 8th Street residence.

8. Costello drove his motorcycle to the convenience store. Costello conducted a hand to hand drug transaction with the driver of the grey Cadillac. Monk sat on his bike next to Costello as the hand to hand transaction was completed.

9. Officer Romero followed Monk and Costello as they drove their motorcycles to a

2

tattoo shop near the intersection of San Mateo and Menual. Officer Romero observed both Monk and Costello meet with an unidentified male in a tattoo shop parking lot. Monk retrieved a small item from a black bag attached to the gas tank of Defendant 2007 Yamaha motorcycle. Monk conducted a hand to hand transaction with the unidentified male. Monk and Costello then quickly drove their motorcycles away.

10. Officer Romero and Bernalillo County Sheriff Office (BCSO) Officers followed Monk and Costello to the 365 58th Street residence and approached them. Officer Romero observed two small balls of foil lying on the ground next to Monk and Costello. Officer Romero retrieved the two balls of foil each ball contained a small amount of heroin.

11. On May 18, 2011, Officer Romero executed a search warrant on Defendant 2007 Yamaha motorcycle and found the following:

    a). 2 bindles of heroin, weighing approximately 2.5 grams;

    b). A loaded Heckler & Koch .40 caliber pistol with hollow-point bullets;

    c). A cell phone;

    d). Documents for Defendant 2007 Yamaha motorcycle.

12. Defendant 2007 Yamaha motorcycle was seized.

### CLAIMS FOR RELIEF

13. Defendant Conveyance is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(4) because it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substances.

14. Defendant Conveyance is subject to arrest and forfeiture to Plaintiff under

3

21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for an illegal controlled substance, or constitute proceeds traceable to such an exchange, or were used or intended to be used to facilitate a violation of the Controlled Substances Act.

**WHEREFORE,** Plaintiff seeks arrest of Defendant Conveyance and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Conveyance, costs and expenses of seizure and of this proceeding, and other proper relief.

    Respectfully submitted,

    KENNETH J. GONZALES
    UNITED STATES ATTORNEY

    */s/ Stephen R. Kotz*

    STEPHEN R. KOTZ
    CYNTHIA L. WEISMAN
    Assistant U.S. Attorneys
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Task Force Officer with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture In Rem to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

DATED: 11/17/11

Gloria L. Marcott, Task Force Officer
Drug Enforcement Administration

5